UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60481-CIV-SINGHAL

JEFFRY GERARD PAZ-MONTERROSA,

    Petitioner,

v.

WARDEN, BROWARD
TRANSITIONAL CENTER, *et al.,*

    Respondent.

_____/

## **ORDER**

Petitioner is a Honduran national who entered the United States in 2019 without inspection.  (DE [1] ¶ 8).  In February 2019, Petitioner was issued a Notice to Appear ("NTA") charging him with inadmissibility and initiating removal proceedings.  He was subsequently released on an order of recognizance.  (DE [5-2] ¶¶ 7-8).  On September 25, 2023, Petitioner's removal proceedings were dismissed by the immigration court without prejudice.  *Id.* ¶ 9.

Petitioner was re-detained by ICE officials on January 4, 2026, after being arrested by Palm Beach County officers.  (DE [5-1].  ICE officials issued Petitioner a new NTA, once again charging him with removability.  (DE [5-5]).  Petitioner requested release on bond, but the immigration judge denied Petitioner's request under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (DE [1] ¶ 17).  On February 5, 2026, Petitioner was transferred to the Broward Transitional Center, where he currently remains.  (DE [5-1]).  Petitioner then filed the present Petition for Writ of Habeas Corpus (DE [1]).  For the reasons discussed below, the Court determines that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2).  The Petition (DE [1]) is therefore denied.

I.    LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.    DISCUSSION

Petitioner asserts that he is unlawfully detained under 8 U.S.C. § 1226 because he has not been granted a bond hearing.  (DE [1] ¶ 29).  Respondents, however, point out that Petitioner is an "applicant for admission", and is therefore subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  The Court agrees.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" for purposes of the Immigration and Nationality Act (INA).  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026); *Doria v. Warden, Broward Transitional Center*, No. 0:26-cv-60112 (S.D. Fla. Feb. 9, 2026).   Multiple courts of appeals have done the same.  *See Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).

Section 1225(a)(1) defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . ." Meanwhile, § 1101(a)(13)(A) provides that the "terms 'admission' and 'admitted' mean,

with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."

There appears to be no dispute that Petitioner entered the United States in 2019 without inspection and has not since been lawfully admitted. (DE [5-2] ¶ 6). Thus, despite being physically present in the country for over seven years, he remains an applicant for admission under the INA. He is therefore subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). *See Morales*, 2026 WL 236307, at *8.

Petitioner further argues that his detention is prolonged and unreasonable, in violation of the Due Process Clause of the Fifth Amendment. (DE [1] ¶¶ 25-27). Petitioner has been detained since January 4, 2026, during his ongoing removal proceedings. (DE [5-2] ¶¶ 10-14). However, the "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "[A]liens are not entitled to a bond hearing while they pursue withholding of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). Further, the Supreme Court has held that detention pending removal for less than six months is presumed reasonable, and therefore constitutional under the Due Process Clause. *See Zadvydas*, 533 U.S. at 701.

To date, Petitioner has been detained for just over three months. While this Court by no means intends to minimize the impact of this detention, there is no violation of Petitioner's due process rights under Supreme Court precedent. Thus, the Court rejects Petitioner's constitutional claim.

III.    CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2). Petitioner is not entitled to release or a bond

3

hearing pending removal.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

 **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of April 2026.

Copies furnished counsel via CM/ECF

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE